Charles W. ARNOLD d/b/a Arnold Development Corp., Appellant,

v.

ALLEN CENTER COMPANY # 2, Appellee.

No. C14–87–00375–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1988.

Rehearing Denied March 10, 1988.

**18**

Lawrence Jay Needle, Constance O'Doherty Barnes, Houston, for appellant.

Jim D. Hamilton, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

**OPINION**

SEARS, Justice.

This is an appeal by writ of error from a default judgment awarding Appellee $205,-127.10 plus interest for breach of a lease contract and $68,375.70 in attorney's fees. We reverse the judgment of the trial court and remand the cause for a new trial.

Appellant asserts three points of error. In his first point of error, Appellant contends the trial court erred in granting the default judgment because the pleadings were insufficient to state a cause of action against him as an individual and were insufficient to state a cause of action for breach of the lease contract. In his second point of error, he asserts the default judgment was error because the claim was unliquidated and no record was made of the evidence, if any, presented to the trial court. In his final point of error, Appellant asserts the trial court abused its discretion in denying Appellant's Motion for New Trial.

Appellee's petition alleged that: (1) pursuant to a lease contract executed on December 6, 1984, by Appellee, as lessor and Appellant as lessee, Appellee leased approximately 2943 square feet on the 34th floor of the Citicorp Center to Appellant for a term commencing on January 1, 1985, and ending on December 31, 1989; (2) Appellant agreed to pay the sum of $5,003.10 per month for each month during the term of the contract; (3) Appellant took possession of the leased premises; and (4) Appellant is presently indebted to Appellee for the sum of $205,127.10 plus interest and attorney's fees as provided for in the lease contract and by statute. The petition further alleges that Appellee has made demand for payment from Appellant but Appellant has refused to pay any part thereof, and that Appellee has performed all conditions required of it as lessor and all conditions precedent to Appellant's right to recovery have occurred. Appellee further alleges, "in accordance with Section 38.001 et. seq. of the Texas Civil Practice Remedies Code [Appellee] is entitled to recover reasonable attorney's fee, ... at least $68,375.70."

A default judgment must be supported by a petition which states a valid cause of action. In determining whether a valid cause of action has been pleaded, the trial court must look solely to the pleadings, without resort to outside information, and must find the elements of the cause of action and the relief sought. *Fairdale Ltd. v. Sellers*, 651 S.W.2d 725 (Tex.1982);

*C & H Transport Co. v. Wright,* 396 S.W. 2d 443, 446 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). A default judgment is improper where the pleadings affirmatively disclose the invalidity of the claim. *Davis v. Ross,* 678 S.W.2d 636, 637 (Tex.App.— Houston [14th Dist.] 1984, no writ). Further, a default judgment not supported by the pleadings is fundamentally erroneous. *Caruso v. Krieger,* 698 S.W.2d 760, 762 (Tex.App.—Austin 1985, no writ).

■ Appellees' pleadings allege generally that the lease contract was entered into by Appellee as lessor and Charles W. Arnold as lessee. However, the specific allegations and the attached exhibit show that the lease was entered into by Arnold Development Corporation as lessee, and was executed by the corporation through its President, Charles W. Arnold. Therefore, Appellees' pleadings preclude a cause of action against Arnold individually. Further, the corporation was not a named defendant in the lawsuit. Appellee sued "Charles W. Arnold d/b/a Arnold Development Corp." Appellees' exhibit, the lease contract, shows Arnold Development Corp. as lessee, not Appellant, Charles W. Arnold.

■ Appellee contends that there was no "Arnold Development Corporation" and *concludes* that Appellant must be individually liable. However, there are no pleadings or proof that the corporation does not exist. We hold that the pleadings are wholly insufficient to support the judgment against Appellant as an individual.

■ We also find the petition and lease contract insufficient to support the damages awarded. Rule 243 requires the court to hear evidence of damages when the claim is unliquidated. Tex.R.Civ.P. 243. A claim is unliquidated unless the amount due can be accurately calculated by the trial court by referring to the allegations in the petition and the instrument in writing. *Freeman v. Leasing Associates, Inc.,* 503 S.W.2d 406, 408 (Tex.Civ.App.— Houston [14th Dist.] 1973, no writ). Under the facts of this appeal, Appellee's claim is clearly unliquidated. Appellee admits in its brief and in argument that no evidence was presented to the trial court. Therefore, for this additional reason, the default judgment was improper. We sustain points of error one and two.

Our disposition of these points of error render it unnecessary for us to address Appellant's remaining point of error attacking the trial court's denial of his Motion for New Trial.

Because the pleadings were insufficient to state a proper cause of action against Appellant, and because there is no evidence and no record of any evidence to support the damages awarded in the judgment, we reverse the judgment of the trial court and remand the cause for a new trial.