TEXAS HEALTH ENTERPRISES,
INC., Appellant,

v.

Patsy J. TOLDEN, Appellee.

No. 08–89–00268–CV.

Court of Appeals of Texas,
El Paso.

July 25, 1990.

Rehearing Overruled Aug. 29, 1990.

Mark D. Rayburn, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellant.

Gregory B. Enos, Burwell & Enos, Inc., Texas City, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

This is an appeal from a judgment for wrongful termination damages awarded by a jury in a suit brought by an injured employee against her employer under Article 8307c of the Workers' Compensation Act. We affirm.

Patsy J. Tolden ("Tolden"), Appellee, an employee of Texas Health Enterprises ("T.H.E."), Appellant, was, on June 9, 1987, attacked and injured by a patient in a nursing home owned and operated by T.H.E. After unsuccessfully filing a claim with the Industrial Accident Board, she was terminated from her employment.

Tolden then filed suit against T.H.E. for negligence in causing her injuries and for wrongful termination under Article 8307c, alleging that T.H.E. "discharged Plaintiff and discriminated against Plaintiff because Plaintiff in good faith filed a workers' compensation claim and hired an attorney to represent her in that claim." In its answer to the wrongful termination, T.H.E. set up the defense that since it was not a subscriber to the Workers' Compensation Act, it was not subject to the provisions of Article 8307c. The paragraph alleging this defense was subsequently struck by the court for what has been termed by Tolden in her brief as an "egregious abuse of the discovery process." According to the briefs, the court then entered an order finding that T.H.E. wrongfully and maliciously discharged Tolden in violation of Article 8307c. The record is devoid of both the order striking the defense and the order finding that Tolden had been wrongfully discharged. However, the court did instruct the jury in its charge that "the Court has previously found that Texas Health Enterprises, Inc. willfully and maliciously discharged Patsy Tolden in violation of the Texas Workers Compensation Act, article 8307c." This was equivalent to an instructed verdict on the issue of liability for wrongful termination. We do not find any objection to the instruction in the record on appeal. The jury subsequently awarded Tolden $3,000.00 in actual and $5,000.00 in exemplary damages for the wrongful termination.

■ While both parties want us to address the single issue of whether a nonsubscriber to the Workers' Compensation Act is answerable in damages for wrongful termination under the provisions of Article 8307c, we cannot do so. T.H.E.'s defensive pleadings on wrongful discharge having been struck, the case was put in the posture of a default judgment on the issue of liability for the wrongful termination with the issue of damages to be determined by the jury. The effect of the striking of the pleadings is that there is no answer on file. *Assicurazioni Generali, S.p.A. v. Milsap,*

760 S.W.2d 314, 317 (Tex.App.—Texarkana 1988, no writ). Since T.H.E. has not appealed from the order striking its pleading, it cannot now complain on appeal about the default judgment which resulted therefrom and which established its liability for the wrongful termination unless Tolden's petition failed to state a cause of action or the pleadings affirmatively disclosed the invalidity of the claim. *Arnold v. Allen Center Company # 2,* 747 S.W.2d 17, 18 (Tex.App.—Houston [14th Dist.] 1988, writ denied). *See Brantley v. Etter,* 662 S.W.2d 752, 758 (Tex.App.—San Antonio 1983), subsequent original writ of mandamus ref'd, 677 S.W.2d 503 (Tex.1984). Her petition states a cause of action for wrongful termination which standing by itself, does not affirmatively disclose any possible invalidity of her claim. T.H.E.'s point of error is overruled.

In a single cross-point of error, Tolden complains that the trial court erred by refusing to apply the *Batson*[1] rule to the selection of civil juries in Texas. Tolden is a black person. The jury panel consisted of twenty-four persons, three of whom were black. T.H.E. utilized its peremptory challenges to strike all three blacks, resulting in an all-white jury. Tolden's motion to require T.H.E. to explain its strikes was denied.

■ The rationale under *Batson* for requiring the prosecutor to explain the state's exercise of its peremptory challenges to strike black veniremen in the criminal prosecution of a black person is that since state action is involved through the prosecutor, a systematic exclusion of black persons by means of those challenges would result in a denial of rights in violation of the equal protection clause of the United States Constitution. In a civil suit, there is no state prosecutor and the trial judge acts only in a ministerial function in permitting the panel members who have been struck by counsel to leave. No state action is involved. Thus, *Batson* does not apply to the jury selection process in civil cases. *Edmonson v. Leesville Concrete*

---

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

*Company, Inc.,* 895 F.2d 218 (5th Cir.1990). Tolden's cross-point of error is overruled.

Judgment of the trial court is affirmed.