**Pepper L. COLE, Appellant,**

v.

**Ronald HALL and Patricia Hall, Individually, and d/b/a Dickey's Hardware and Hall's Landscape & Irrigation, and HHH Enterprises, Inc. d/b/a Dickey's Hardware, Appellees.**

No. 05–92–01098–CV.

Court of Appeals of Texas, Dallas.

July 27, 1993.

Rehearing Denied Nov. 3, 1993.

Dale B. Tillery, Dallas, for appellant.

Gary Allmon Grimes, Dallas, for appellees.

## OPINION

LAGARDE, Justice.

Pepper Cole appeals the trial court's dismissal of her suit against the Halls and Dickey's Hardware for failure to state a cause of action. Appellant brings two points of error contending that the trial court erred in dismissing her claims because her allegations of tortious interference with statutory rights and appellees' breach of the duty of good faith and fair dealing stated viable causes of action. We overrule the points and affirm the trial court's judgment.

## FACTUAL & PROCEDURAL BACKGROUND

Appellant alleged that on December 23, 1988, she sustained an injury in the course and scope of her employment. She filed a workers' compensation claim. While off work due to the injury, appellees understated to the workers' compensation carrier the amount of appellant's salary by $148.50 per week. This understatement of her wage rate resulted in appellant receiving $112.85 per week less than she would have received if appellees had reported the correct amount of her wages. Appellant asserted that appellees' understatement of her wage rate tortiously interfered with her statutory rights accorded her under the Texas Workers' Compensation Act and was a breach of appellees' duty of good faith and fair dealing towards her, resulting in her suffering damages of $85,000. Appellant asserts that her damages consist of economic hardship, lost wages, reduced compensation benefits, mental anguish, and emotional trauma.

Appellees filed three special exceptions to appellant's first amended original petition, as supplemented by appellant's supplemental petition, challenging both of appellant's causes of action. Each of the three special exceptions asserts in identical language the following defects in the petition: (1) by accepting workers' compensation benefits, appellant waived any statutory or common-law cause of action for personal injury or death sustained in the course and scope of her employment with appellees; (2) by seeking benefits under the workers' compensation statute, appellant is precluded from bringing suit against appellees for alleged intentional injury; (3) appellant elected her remedy by accepting workers' compensation benefits; and (4) Texas does not recognize a duty of good faith and fair dealing between employer and employee.[1] The trial court sustained appellees' special exceptions and gave appellant three days to amend her pleadings. The trial court specifically stated that the failure to amend would result in the cause being dismissed with prejudice. When appellant failed to amend her pleadings, the trial court dismissed her causes of action.

---

1. Appellees' special exceptions read:

Defendants specifically except to Paragraph[s] [VI, VII, and VIII] of Plaintiff's First Amended Original Petition wherein it is alleged:

[quoting appellant's petition alleging tortious interference with statutory rights and breach of duty of good faith and fair dealing]

for the reason that the Plaintiff's petition alleges on its face (in Paragraphs II, III, and IV) that Plaintiff's alleged cause of action against Defendant's [sic] arose out of a work-related injury, that Plaintiff filed and received worker's [sic] compensation in Board No. 89-03748–D2, and that Defendants were Plaintiff's employers at the time of the alleged commission of the acts made the basis of Plaintiff's alleged causes of action. The complained of language in Plaintiff's Original Petition attempts to assert against Defendants, as her employers, causes of action for tortiously interfering with her statutory rights under the Texas Workers' Compensation Act (Article 8306–8309 Revised Civil Statutes of Texas) and for

Defendant's [sic] alleged breach of an alleged duty of good faith and fair dealing to Plaintiff as her employers. By accepting Workers' Compensation benefits, Plaintiff, pursuant to the provisions of Article 8308–3.08 Revised Civil Statutes of Texas, waived any right of action at common law or under any statute of the State of Texas for damages for personal injuries or death sustained in the course and scope of her employment with Defendants. By seeking benefits under the Texas Workers' Compensation Act, Plaintiff is precluded from maintaining a suit against her employer for alleged intentional injury. Plaintiff elected her remedy when she elected to proceed under the Texas Workers' Compensation Act and such remedy was compromised and settled in Board No. 89–037348–D2. Further, the State of Texas does not recognize a duty of good faith and fair dealing between employer and employee. Plaintiff's First Amended Original Petition fails, therefore, to allege facts sufficient to show or constitute a cause of action against Defendants.

## APPELLATE REVIEW OF SUSTAINING OF SPECIAL EXCEPTIONS

■ Review of a trial court's dismissal of a cause of action following the sustaining of special exceptions and the plaintiff's failure to amend requires an examination of two distinct rulings by the trial court. We first review the propriety of the trial court's decision to sustain the special exceptions. If the trial court's decision to sustain the special exceptions was proper, we then review the propriety of the trial court's decision to dismiss the cause of action. *See McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex.Civ. App.—Beaumont 1972, writ ref'd n.r.e.).

■ An appellant complaining of the dismissal of a cause of action following the sustaining of special exceptions must attack the trial court's decision to sustain the special exceptions. The appellant should then attack the trial court's decision to dismiss. *Cf. Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 288 (Tex.App.—Houston [1st Dist.] 1992, no writ);[2] *Villareal v. Martinez*, 834 S.W.2d 450, 452 (Tex.App.—Corpus Christi 1992, no writ).[3] If the trial court properly sustained the special exceptions and the plaintiff refuses or fails to amend, the trial court does not err in dismissing the cause of action. *See Davis v. Quality Pest*

*Control*, 641 S.W.2d 324, 328, 330 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Townsend v. Memorial Medical Ctr.*, 529 S.W.2d 264, 267 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). If the remainder of the pleading does not state a cause of action, the trial court does not err in dismissing the entire case. *Jackson v. City of Galveston*, 837 S.W.2d 868, 869 (Tex.App.— Houston [14th Dist.] 1992, writ granted); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

The controlling issue in a case where the trial court sustained special exceptions and dismissed the cause of action following the appellant's failure to amend is the propriety of the trial court's ruling sustaining the special exceptions. *McCamey*, 484 S.W.2d at 152. If the appellant does not challenge this ruling on appeal, then any error in the sustaining of the special exceptions is waived.[4]

■ When the appellant does properly attack the trial court's sustaining of the special exceptions and dismissal of the cause of action, we review the pleading to determine whether the trial court abused its discretion in sustaining the special exceptions. *Bader v. Cox*, 701 S.W.2d 677, 686 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We construe the petition liberally accepting as true all of the

---

**2.** In *Sanchez*, the appellant raised separate and distinct points attacking both the propriety of the trial court's ruling on the special exceptions as well as its dismissal of the cause of action. The court in *Sanchez* first determined the propriety of the trial court's ruling on the special exceptions. Having found that the trial court correctly ruled on the special exceptions, it went on to hold that the trial court did not abuse its discretion in dismissing the cause of action.

**3.** The appellant brought points of error contending that the trial court erred in granting the special exceptions. The court of appeals first determined that the trial court erred in sustaining special exceptions and then determined that the court erred in dismissing the case.

**4.** A court of appeals cannot reverse a trial court except upon properly assigned points of error, adequately briefed. If an appellant fails to argue a ground that would warrant reversal, then the ground is waived. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990) (per curiam); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990) (per curiam); *Kirby v. Cruce*, 688

S.W.2d 161, 168 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

If an appellant argues an inconsequential ground while overlooking error in the controlling issue in the case, the error in the controlling issue is waived. In *Texas Health Enterprises, Inc. v. Tolden*, 795 S.W.2d 17, 18 (Tex.App.—El Paso 1990, no writ), the trial court struck the defendant's answer asserting an affirmative defense and rendered a default judgment against the defendant. On appeal, the defendant challenged only the default judgment but did not attack the striking of its answer. The court of appeals held that the defendant's failure to challenge on appeal the striking of its answer prevented the court from reviewing any error in the granting of the default judgment except for invalidity appearing on the face of the petition. *See also Dolenz v. Pulse*, 791 S.W.2d 572, 573 (Tex.App.—Dallas 1990, writ dism'd w.o.j.) (appellant challenged pretrial and trial rulings without attacking directed verdict). Therefore, if an appellant argues error only in the dismissal of the cause of action, the appellant waives any error in the sustaining of the special exceptions.

factual allegations set forth. *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex.1988); *Bader*, 701 S.W.2d at 686. The trial court's ruling will not be disturbed absent a showing of abuse of discretion. *Bader*, 701 S.W.2d at 686.

■■■ The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, whether the act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1986). The trial court does not necessarily abuse its discretion if under the same facts an appellate judge would decide the matter differently or if the court commits a mere error in judgment. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989).

## TORTIOUS INTERFERENCE WITH STATUTORY RIGHTS

■■■ In her first point of error, appellant contends that the trial court erred in dismissing her cause of action for tortious interference with statutory rights because her petition stated a cause of action. Appellant does not challenge the propriety of the trial court's ruling on appellees' special exceptions.[5]

In the argument under her first point, appellant discusses only the elements of tortious interference and why her pleading contained each element.[6] Nowhere does appellant discuss the merits of the special exceptions, which we construe to be assertions that appellant's cause of action for tortious interference is barred by application of the exclusive remedy provision of article 8306, section 3. *See* Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (Act of May 5, 1983, 68th Leg., R.S., ch. 131, § 1, 1983 Tex.Gen.Laws 613, *repealed by* The

Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(7), 1989 Tex.Gen. Laws 1, 114). Indeed, appellant's brief never mentions the exclusivity provision of the statute.

When the trial court dismisses a cause of action following the sustaining of special exceptions and the appellant's failure to replead, the controlling issue is whether the trial court erred in sustaining appellees' special exceptions. *McCamey*, 484 S.W.2d at 152. By not attacking on appeal the propriety of the trial court's ruling, appellant has waived any error by the trial court in sustaining the special exceptions. *See Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990) (per curiam). Accordingly, we do not reach the merits of the special exceptions.

When a trial court properly sustains special exceptions and the plaintiff refuses to amend, the trial court does not err in dismissing the cause of action. *See Davis*, 641 S.W.2d at 328, 330; *Townsend*, 529 S.W.2d at 267. Because appellant waived any error of the trial court in sustaining the special exceptions, we hold that the trial court did not abuse its discretion in dismissing appellant's claim of tortious interference with statutory rights. We overrule appellant's first point of error.

## DUTY OF GOOD FAITH AND FAIR DEALING

In her second point of error, appellant contends that the trial court erred in dismissing her cause of action against appellees for breach of the duty of good faith and fair dealing. Appellant's complaint attacks the *ground of the special exception applicable to this cause of action*, which was that Texas

---

5. We do not decide in this case whether the complaints for sustaining the special exceptions and dismissing the cause of action must be brought in separate points. At a minimum, however, the appellant must challenge the rulings in its brief.

6. The dissent's discussion of the merits of appellant's point is flawed. The dissent states that in order to establish tortious interference, one must show an *intentional* invasion or interference, 864 S.W.2d 570–71 (Rosenberg, J., dissenting), but fails to explain how appellant pleaded the ele-

ment of intent. The dissent asserts that appellant's allegation "that appellees committed tortious interference by falsely reporting an incorrect wage rate" satisfied all the elements of tortious interference. 864 S.W.2d 571 (Rosenberg, J., dissenting). Nowhere, however, does appellant allege the element of intent. Appellant alleged only that appellees "falsely" reported her wages, not that they *intentionally* reported her wages falsely. Accordingly, the dissent is in error in concluding that appellant's petition stated a cause of action for tortious interference.

does not recognize a duty of good faith and fair dealing on the employer to the employee. Because appellant's argument on appeal attacks the propriety of the trial court's sustaining the special exception, we must determine whether the trial court erred in sustaining the special exception.

A claim for breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract. Whether a duty exists between the parties is initially a question of law. *H.W. Mitchell v. Missouri–Kansas–Texas R.R.*, 786 S.W.2d 659, 661 (Tex.1990). Texas law does not recognize an implied duty of good faith and fair dealing in every contract or business transaction. *See English v. Fischer*, 660 S.W.2d 521, 522 (Tex.1983). Texas courts have carved out exceptions for certain "special relationships," such as those between insurers and insureds, principal and agent, joint venturers, and partners. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987), *modified on other grounds by Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex.1991); *Victoria Bank & Trust Co. v. Brady*, 779 S.W.2d 893, 902 (Tex.App.—Corpus Christi 1989), *rev'd on other grounds*, 811 S.W.2d 931 (Tex.1991). "Absent an *Arnold* 'special relationship,' the duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *Central Sav. & Loan Ass'n v. Stemmons N.W. Bank, N.A.*, 848 S.W.2d 232, 239 (Tex.App.—Dallas 1992, no writ); *Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477, 481 (Tex.App.—Corpus Christi 1989, writ denied).

Thus far, Texas courts have held that the "special relationship" necessary to create a common-law duty to act in good faith does not apply to the relationship of: (1) supplier-distributor, *Adolph Coors Co.*, 780 S.W.2d at 481; (2) mortgagor-mortgagee, *Lovell v. Western National Life Insurance Co.*, 754 S.W.2d 298, 303 (Tex.App.—Amarillo 1988, writ denied); (3) creditor-guarantor, *Federal Deposit Insurance Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex.1990); (4) lender-borrower, *Nance v. Resolution Trust Corp.*, 803 S.W.2d 323, 333 (Tex.App.—San Antonio 1990), *writ denied per curiam*, 813 S.W.2d 154 (Tex.1991); (5) franchisor-franchisee, *Crim Truck & Tractor v. Navistar International Transportation Corp.*, 823 S.W.2d 591, 596 (Tex.1992); and (6) issuer-beneficiary of letter of credit, *Central Sav. & Loan*, 848 S.W.2d at 239. Texas courts have consistently rejected finding a duty of good faith and fair dealing owed by the employer to the employee. *See, e.g., Guzman v. El Paso Natural Gas Co.*, 756 F.Supp. 994, 1001 (W.D.Tex.1990); *Casas v. Wornick Co.*, 818 S.W.2d 466, 469 (Tex.App.—Corpus Christi 1991, writ denied); *Cockrell v. Republic Mortgage Ins. Co.*, 817 S.W.2d 106, 116 (Tex. App.—Dallas 1991, no writ).

The supreme court granted special relationship status to an insured dealing with its insurer in order to rectify the inherent inequality of bargaining power existing between an insured and the insurer. In *Arnold*, the insured presented a proper claim to its insurer only to have it rejected without a reasonable investigation of the facts, leaving the insured with no recourse but to bring suit. *See Arnold*, 725 S.W.2d at 166–67. In *Aranda*, the insurers recognized that the insured had a compensable claim, but they could not agree on which of them was primarily liable; accordingly, both insurers refused to pay. The insured then had no choice but to bring suit and face the delay and expense caused thereby. *Aranda*, 748 S.W.2d at 211, 215.

Appellant argues that the Workers' Compensation Act creates an *Aranda* "special relationship" between the employer and employee. Appellant asserts that this relationship arises out of the employer's duty to report the correct wages to the insurance carrier and the Texas Workers' Compensation Commission. She maintains that "there is no other remedy or scheme under which an employee could seek redress for injuries sustained as a result of her employer's conduct." For this reason, she asserts, we should find a special relationship between an employer and employee in cases involving an employer's duties under the Workers' Compensation Act.

We disagree. The facts in this case are not so extreme as to warrant creation of a duty of good faith and fair dealing between an employer and its employee. Unlike the insureds in *Arnold* and *Aranda*, who were forced to bring suit in order to recover their insurance benefits, appellant could have petitioned the Industrial Accident Board under article 8306, section 12d to review its award due to a change in condition, mistake, or fraud.[7] At oral argument, appellant stated that there arguably could be an administrative proceeding against the insurer to adjust the compensation rate. Given the existence of alternate remedies in this case, we see no need to place a duty of good faith and fair dealing on an employer to its employees. Accordingly, we hold that the trial court did not abuse its discretion in sustaining the special exceptions and dismissing appellant's cause of action for breach of the duty of good faith and fair dealing. We overrule appellant's second point of error.

We affirm the trial court's judgment.

BAKER, THOMAS, KINKEADE, OVARD, BURNETT, MALONEY, MORRIS, and WHITTINGTON, JJ., join in the majority opinion.

ROSENBERG, J., dissents with opinion.

McGARRY, C.J., and CHAPMAN and BARBER, JJ., join in the dissenting opinion.

ROSENBERG, Justice, dissenting.

I respectfully dissent. Cole did not waive the trial court's error in dismissing her cause of action for tortious interference. The issue should be addressed on the merits, and this Court should hold, consistent with established law, that such a cause of action exists. This Court should also hold that Cole's pleadings alleged a cause of action for breach of the duty of good faith and fair dealing.

## 1. Tortious Interference with a Statutory Right

The majority holds that the controlling issue in a case where the trial court sustained special exceptions and dismissed the cause of action following the appellant's failure to amend is the propriety of the trial court's ruling sustaining the special exceptions. Therefore, if an appellant does not challenge this ruling on appeal, then any error in the sustaining of the special exceptions is waived.

Consequently, the majority refuses to reach the propriety of the trial court's ruling on the special exceptions because Cole did not argue or challenge the merits of the special exceptions in her brief. The issue is not Cole's failure to assign *separate* points of error,[1] challenging both the trial court's dismissal order and the trial court's ruling granting the special exceptions, but whether Cole adequately briefed her arguments after properly assigning error. The majority holds that appellant, at a minimum, must challenge the basis of the trial court's ruling on the special exceptions, and appellant did not do so.

7. Section 12d states:
Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law....
Tex.Rev.Civ.Stat.Ann. art. 8306, § 12d (Act of May 20, 1931, 42d Leg., R.S., ch. 155, § 1, 1931 Tex.Gen. Laws 260, *repealed by* The Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(7), 1989 Tex.Gen.Laws 1, 114).

1. The majority chose not to decide whether the complaints for sustaining the special exceptions and dismissing the cause of action must be brought in separate points of error. I question the whole notion of requiring separate points of error to challenge the sustaining of special exceptions and the dismissal of a cause of action. None of the authorities cited by the majority suggest such a requirement. *See, e.g., Sanchez v. Huntsville Indep. Sch. Dist.,* 844 S.W.2d 286, 288 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Davis v. Quality Pest Control,* 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *McCamey v. Kinnear,* 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). Although they are nominally separate rulings, separated by the opportunity to amend the challenged pleading, the sustaining of special exceptions and the subsequent dismissal of a cause of action are logically intertwined. If the trial court erred in granting the special exceptions, then a dismissal based on those special exceptions is also necessarily erroneous.

The majority reasons that Cole waived her right to appeal because she did not adequately brief the basis of appellees' special exceptions: the exclusivity provision of the Texas Worker's Compensation Act as a bar to the tortious interference cause of action. The majority states that "nowhere does appellant discuss the merits of the special exceptions.... Indeed, appellant's brief never mentions the exclusivity provision of the statute." (maj. op. at 567).

In oral argument, Cole provided this Court with authority and legal analysis to support her contention that the exclusivity provision does not bar appellant's cause of action. Although an appellant may not raise new points of error during oral argument, an appellant may make new and different arguments in support of the points of error relied upon in her brief. *See* TEX.R.APP.P. 75(b). In addition, a special exception based on the exclusive remedy provision is not, as a matter of law, an alternative theory by which this Court can affirm the trial court's dismissal. The exclusive remedy provision is an affirmative defense. *See, e.g., Exxon Corp. v. Perez*, 842 S.W.2d 629, 630–31 (Tex.1992); *Allstate Ins. Co. v. Perez*, 783 S.W.2d 779, 782 (Tex. App.—Corpus Christi 1990, no writ); *Brown Servs., Inc. v. Fairbrother*, 776 S.W.2d 772, 775–76 (Tex.App.—Corpus Christi 1989, writ denied). Affirmative defenses may not be raised by special exceptions. *Villareal v. Martinez*, 834 S.W.2d 450, 452 (Tex.App.— Corpus Christi 1992, no writ).

Cole properly assigned error by stating that "the trial court erred in dismissing her cause of action for tortious interference." A point is sufficient if it directs the attention of the appellate court to the error about which the complaint is made. TEX.R.APP.P. 74(d). It is apparent that Cole is complaining about the trial court's dismissal of her allegation of tortious interference for failure to state a cause of action. In her brief, appellant explained that her pleading contained each element of a tortious interference cause of action. Although appellant did not brief the merits of the special exceptions, "briefing rules [are] to be construed liberally." TEX.

R.APP.P. 74(p). The purpose of briefs is to acquaint the Court with the points of error relied upon. Therefore, "substantial compliance with these rules will suffice in the interest of justice." *Id.*

In oral argument, appellant cited to authority and presented legal argument regarding the applicability of the exclusivity provision to bar her cause of action.[2] Since the exclusive remedy provision cannot provide an independent basis for the trial court's dismissal, the majority is misguided when it relies on a defect in appellate procedure to affirm the trial court's decision and deny Cole her opportunity for appellate review. *See Inpetco v. Texas Am. Bank/Houston*, 729 S.W.2d 300, 300 (Tex.1987) (per curiam).

Rule 83 of the rules of appellate procedure provides that "a judgment shall not be *affirmed* or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities." TEX. R.APP.P. 83 (emphasis added). The majority should not affirm the trial court's decision regarding tortious interference on the basis of appellant's briefing inadequacies, especially in light of the fact that (1) the trial court cannot, as a matter of law, base its decision to dismiss on the sustaining of the special exceptions; (2) appellant properly assigned error; (3) this Court did not grant appellant the opportunity to rebrief; and (4) appellant provided legal authority and analysis regarding the merits of the special exceptions in oral argument. The supreme court has continually reaffirmed the policy that "the decisions of the courts of appeals [should] turn on substance rather than procedural technicality." *Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex.1992); *Crown Life Ins. Co. v. Estate of Gonzales*, 820 S.W.2d 121, 121 (Tex. 1991). The Court should address this complaint on the merits.

In her first complaint, Cole contends that the trial court erred in dismissing her allegations of tortious interference with statutory rights for failure to state a cause of action. A judgment of dismissal for failure to state a

---

**2.** This is not a situation where references to the appropriate page number in the record are necessary. This Court need not search the record, but need only look at appellant's pleadings.

cause of action will be sustained only if the allegations of the pleadings taken as true and construed most favorably in behalf of the pleader do not state a cause of action. *City of Round Rock v. Smith*, 687 S.W.2d 300, 301 (Tex.1985). To sufficiently allege the elements of a cause of action, the court must be able to identify each element in the pleadings. *Jackson v. Julian*, 694 S.W.2d 434, 436 (Tex.App.—Dallas 1985, no writ).

In order to establish tortious interference, the plaintiff must show an intentional invasion of or interference with property, property rights, personal rights, or personal liberties causing injury. *International Union United Auto. Aerospace & Agric. Implement Workers v. Johnson Controls, Inc.*, 813 S.W.2d 558, 567 (Tex.App.—Dallas 1991, writ denied); *Cooper v. Steen*, 318 S.W.2d 750, 753 (Tex.Civ.App.—Dallas 1958, no writ). Appellees contend that no authority exists for the proposition that the right to avail oneself of a statutory remedy constitutes property, a property right, a personal right, or a personal liberty. Authority does exist, however, for the proposition that a person has a property interest protected by the Due Process Clause of the federal constitution, if that person has a legitimate claim of entitlement. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Moore v. Office of Attorney Gen.*, 820 S.W.2d 874, 877 (Tex.App.—Austin 1991, no writ). For example, a welfare recipient's property interest in welfare payments is created when the recipient meets the statutory terms defining eligibility. *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970).

Once an applicant avails herself of the statutory remedy and is considered qualified, the applicant's entitlement becomes a protected property right. Here, Cole qualified for benefits under the Worker's Compensation Act; Cole, therefore, had a legitimate claim of entitlement to the benefits. Because Cole exercised her statutory rights under the Act and had a legitimate claim of entitle-

ment, Cole's employer was under a duty not to tortiously interfere with this property right. Cole has alleged that appellees falsely reported her earnings to the carrier, causing the carrier to compensate her at a lower rate than that to which she was entitled. Appellees' action, she contends, constitutes an interference with her statutory right to receive the proper amount of compensation.

In addition, the courts of our state have long recognized a cause of action for tortious interference with contractual rights. *See, e.g., Schoellkopf v. Pledger*, 778 S.W.2d 897, 902 (Tex.App.—Dallas 1989, writ denied); *Griffin v. Rowden*, 702 S.W.2d 692, 693 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). There is no basis for distinguishing between contractual rights and statutory rights. Tortious interference is a generic tort. Indeed, it is the quintessential tort: the intentional taking of that which belongs to another. It makes no sense to suggest that one may not interfere with contractual rights but may interfere with statutory rights.

As long as the pleader sets forth facts upon which his right to sue is based, and upon which the defendant's duty has arisen, coupled with facts that constitute the latter's wrong, the pleading will be held to state a cause of action. *Kinsey v. Northern Ins. Co.*, 577 S.W.2d 353, 354 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Cole alleged that appellees committed tortious interference by falsely reporting an incorrect wage rate.[3] This satisfies the necessary elements of tortious interference. *See International Union*, 813 S.W.2d at 567; *Steen*, 318 S.W.2d at 753.

Appellees, however, argue that Cole's tortious interference allegation does not allege a cause of action separable from her workers' compensation claim that produced an independent injury. They contend that the allegation merely constitutes an argument over

---

**3.** Although there was no special exception asserting that appellant did not plead the element of intent, the majority addresses unassigned error and concludes that the element of intent was not pled, and therefore, appellant's petition did not state a cause of action for tortious interference. Paragraph four of appellant's first amended original petition states, in part, that appellee falsely stated the amount of wages appellant earned weekly. The common usage of the word "false" includes the concept of being intentionally deceiving. Webster's Ninth Collegiate Dictionary defines false as "intentionally untrue." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (9th ed. 1985). I would conclude that appellant pled the element of intent.

the amount of damages Cole is entitled to receive under the Act, a dispute that is covered by the Act and not separable from her workers' compensation claim. Appellees conclude, therefore, that the exclusivity provision would bar a separate cause of action. Although pleading the exclusivity provision is not a proper special exception, I will consider the merits of the exclusivity provision as a bar to this cause of action.

The Texas Workers' Compensation Act provides that the remedies afforded by the statute are exclusive, thereby precluding other remedies, only if the employee's injury is an injury contemplated by the Act—a personal injury sustained in the course of employment. *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 214 (1988). The Act was not intended to shield compensation carriers from the entire field of tort law. *Id.* Liability for a carrier's breach of the duty of good faith and fair dealing or intentional misconduct in the processing of the compensation claim is distinct from the liability for the injury arising in the course of employment. *Id.* There is no meaningful distinction between a suit against a carrier for a tort that is not job-related and a suit against an employer for a tort that is not job-related. *Harris v. Varo*, 814 S.W.2d 520, 526 (Tex. App.—Dallas 1991, no writ). Cole's claim arose from the employer's alleged misconduct in the processing of her compensation claim, and the separate damages, such as mental anguish, that she suffered as a result. Consequently, the cause of action for tortious interference is distinct from the job-related injuries and is not barred by the exclusivity provisions of the Act. *See id.* I would hold that Cole's pleadings allege a cause of action for tortious interference.

## 2. Good Faith and Fair Dealing

The majority's opinion is correct that Texas has not recognized a duty of good faith and fair dealing in a strictly employer-employee relationship. *Casas v. Wornick Co.*, 818 S.W.2d 466, 468 (Tex.App.—Corpus Christi 1991, writ denied); *McClendon v. Ingersoll–Rand Co.*, 757 S.W.2d 816, 819 (Tex.App.—Houston [14th Dist.] 1988), *aff'd on other grounds*, 807 S.W.2d 577 (Tex.1991).

However, the duty of good faith and fair dealing arises where a special relationship of trust and confidence exists between the parties. *Aranda*, 748 S.W.2d at 212; *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987), *modified on other grounds in Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex.1991); *Nautical Landings Marina, Inc. v. First Nat'l Bank*, 791 S.W.2d 293, 299 (Tex.App.—Corpus Christi 1990, writ denied). There is a special trust relationship in an insurance contract between the insurer and the insured. *See Aranda*, 748 S.W.2d at 212; *Arnold*, 725 S.W.2d at 167. The special relationship arises from the parties' unequal bargaining power and the nature of insurance contracts that would allow unscrupulous insurers to take advantage of their insured's misfortunes in bargaining for settlement or resolution of claims. *Aranda*, 748 S.W.2d at 212; *Arnold*, 725 S.W.2d at 167.

The Workers' Compensation Act creates a three-party contractual relationship between the employer, the employee, and the insurance carrier. *Aranda*, 748 S.W.2d at 212; *Southern Casualty Co. v. Morgan*, 12 S.W.2d 200, 201 (Tex.Comm'n.App.1929, judgm't adopted). This contract creates a special relationship between the compensation carrier and the employee that gives rise to a duty of good faith and fair dealing on the part of the carrier. *Aranda*, 748 S.W.2d at 212–13. The Texas Supreme Court stated that it was imposing this duty on the insurer because of the disparity in bargaining power and the "exclusive control" that the insurer exercises over the processing of claims. *Id.* at 212.

The present case involves an allegation that the employer caused a misreporting of wages, which caused the employee to suffer mental anguish and a delay in receiving compensation. The employer had a duty to accurately report the employee's wages to the carrier. *See* Tex. Workers' Compensation Comm'n, 28 TEX.ADMIN.CODE § 53.30 (West July 21, 1988). When a claim is filed, the carrier determines the claimant's benefits based on the Act and wage information provided by the employer. *See* Tex. Workers' Compensation Comm'n, 28 TEX.ADMIN.CODE ch. 53 (West July 21, 1988). Thus, the em-

ployee must rely on the employer to provide accurate wage information to the carrier. The employee has no bargaining power with the employer, and the employer has exclusive control over the wage rate information necessary before the insurer can process the claim. For these reasons, it is necessary to recognize that a special trust relationship exists between the employer and the employee in the context of workers' compensation benefits. *See Chemical Express Carrier, Inc. v. Pina,* 819 S.W.2d 585, 588 (Tex. App.—El Paso 1991, writ denied). A duty of good faith and fair dealing should therefore be imposed on employers in this context only. *See Aranda,* 748 S.W.2d at 212. Cole alleged in her pleadings that her employer-appellees falsely reported her wage information and that as a result she suffered damages independent of her original compensation claim. If true, she has a cause of action for a breach of the employer's duty.

The majority argues that there is no need to place a duty of good faith and fair dealing on Cole's employer because Cole could petition the Industrial Accident Board to review her award for mistake, changed conditions, or fraud. The supreme court recognized that the existence of the right to petition the Industrial Accident Board did not negate the special trust relationship between a carrier and the injured employee. *Aranda,* 748 S.W.2d at 212. Likewise, the right to petition the Industrial Accident Board does not erase the special trust relationship that exists between an employer and employee in the context of reporting workers' compensation benefits.

The majority also suggests that the facts of this case are not extreme enough to warrant a breach of a duty of good faith and fair dealing. However, the allegations in this case are not about mistakes or changes in conditions. The allegations are of deliberate acts—falsely stating the amount of wages. The nature of the alleged misrepresentation is intentional and extreme. How many actions would an employer have to take to prevent an injured employee from receiving compensation benefits before the majority would label them extreme? One intentional misrepresentation should be sufficient.

Therefore, I would hold that there is a duty of good faith and fair dealing between an employer and an employee in the context of the three-party contractual relationship created by the Workers' Compensation Act. And, I would conclude that Cole's pleadings stated a cause of action for breach of the duty of good faith and fair dealing.

I would reverse the trial court's order and remand the cause for further proceedings on the causes of action alleged.

McGARRY, C.J., and CHAPMAN and BARBER, JJ., join in the dissenting opinion.