# NO. 12-04-00037-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOMMIE J. DENSON,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | | |
| *TEXAS DEPARTMENT OF CRIMINAL*<br>*JUSTICE–INSTITUTIONAL DIVISION,*<br>*THE UNIVERSITY OF TEXAS MEDICAL*<br>*BRANCH, TITO ORIG, MARY GOTCHER,*<br>*LANNETTE LINTHICUM, ARTIS MOSLEY,*<br>*KENNETH KUYKENDALL, VIRGINIA*<br>*BUCHANAN, GARY JOHNSON,*<br>*E.J. PEDERSON, JOHN EATON, DAVID*<br>*SMITH AND ELMO CAVIN, APPELLEES* | §<br><br><br><br><br><br><br><br>§ | *JUDICIAL DISTRICT COURT OF*<br><br><br><br><br><br><br><br>*ANDERSON COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Tommie J. Denson appeals from the dismissal of his pro se in forma pauperis suit against the Texas Department of Criminal Justice–Institutional Division (T.D.C.J.–I.D.), the University of Texas Medical Branch (U.T.M.B.), Tito Orig, Mary Gotcher, Lannette Linthicum, Artis Mosley, Kenneth Kuykendall, Virginia Buchanan, Gary Johnson, E.J. Pederson, John Eaton, David Smith, and Elmo Cavin. In seven issues, Denson contends the trial court erred in sustaining Appellees' special exceptions and dismissing his suit. We reverse and remand.

### BACKGROUND

Denson, an inmate, broke his hand on September 2, 1999 when he fell in the prison shower.

Because he felt that the medical care he received was less than adequate, he filed suit on December 8, 1999. His petition included claims for violations of the Texas Tort Claims Act (TTCA), the Texas Health and Safety Code, the Texas Government Code, and allegations of medical malpractice, intentional infliction of emotional distress, and state law conspiracy and retaliation. He also brought claims pursuant to a federal civil rights statute[1] for violation of the Eighth Amendment to the United States Constitution, for retaliation, and for conspiracy. Denson requested damages and injunctive relief in the form of surgery on his hand and physical therapy.

In an order dated March 25, 2002, the trial court granted the defendants' motions to dismiss and motions for summary judgment and dismissed the cause of action. Denson appealed that decision to this court. We affirmed in part and reversed and remanded in part. *Denson v. Tex. Dep't Criminal Justice - Inst'l Div.*, 12-02-00099-CV, 2003 Tex. App. LEXIS 10957 (Tex. App.–Tyler, May 30, 2003, no pet.). The only claim against T.D.C.J.–I.D. and U.T.M.B. that survived after that appeal is the TTCA claim for negligent use of tangible personal property. All claims against Smith and Cavin remained intact and were remanded. The Section 1983 claims of a violation of the Eighth Amendment and conspiracy and the state law claims of intentional infliction of emotional distress and conspiracy against the remaining nine employees also survived. Additionally, the Section 1983 and state law retaliation claims against Kuykendall and Denson's request for injunctive relief against the employees were remanded to the trial court for further proceedings.

After remand, all defendants filed special exceptions to Denson's original petition. On September 2, 2003, the trial court entered an order sustaining each of the nine special exceptions and ordering Denson to replead and cure the defects by November 3, 2003. Denson did not replead. The trial court signed the order of dismissal on January 21, 2004.

## SPECIAL EXCEPTIONS

Read together, Denson complains in his seven issues that the trial court erred in granting the defendants' special exceptions. Denson asserts that he pleaded his claims in plain and concise language, this court found that he had pleaded a cause of action under the TTCA, and the trial court

---

[1] 42 U.S.C. § 1983 (1994).

2

abused its discretion when it dismissed his cause of action.

When special exceptions addressed to the pleadings are sustained, the pleader may amend to meet the exception or refuse to amend and test the validity of the ruling on appeal. *Spillman v. Simkins*, 757 S.W.2d 166, 167 (Tex. App.–San Antonio 1988, writ dism'd). When a trial court dismisses a cause of action following the sustaining of special exceptions, appellate review requires an examination of two distinct rulings. *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.–Dallas 1993, writ dism'd w.o.j.). First, we review the propriety of the trial court's decision to sustain the special exceptions. We then review the propriety of the trial court's decision to dismiss the cause of action to see if the trial court abused its discretion. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or acted in an arbitrary or unreasonable manner. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Under rule 91 of the rules of civil procedure, special exceptions must identify the pleading excepted to, stating the "defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations" with particularity. TEX. R. CIV. P. 91. When special exceptions lack specificity and fail to point out how the plaintiff's allegations are faulty, they constitute a general demurrer, which is prohibited under the rules. TEX. R. CIV. P. 90; *Castano v. San Felipe Agric., Mfg., & Irrigation Co.*, 147 S.W.3d 444, 453 (Tex. App.–San Antonio 2004, no pet.).

The defendants' special exceptions alleged that Denson's original petition failed to state with any particularity the nature of acts or omissions committed specifically by the defendants, was vague, ambiguous, indefinite, and failed to fairly apprise the defendants as to what allegations Denson was making against them. The first special exception complained of the petition in its entirety, and the remaining special exceptions complained of certain paragraphs.

The defendants' special exceptions failed to state with specificity the petition's defects. *See id.* The special exceptions therefore constitute a forbidden general demurrer. *Id.* Further, in the first appeal of this cause of action, this court held that Denson alleged a claim pursuant to the TTCA. *See Denson*, 2003 Tex. App. LEXIS 10957, at *53. Under the law of the case doctrine, we are bound by that determination. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Accordingly, the trial court abused its discretion in sustaining the special exceptions. Because the decision to

3

sustain the special exceptions was improper, the dismissal of the cause of action was also improper. *See* **Cole**, 864 S.W.2d at 566. We sustain Denson's seven issues.

## DISPOSITION

We *reverse* the trial court's order of dismissal and *remand* the cause of action for further proceedings consistent with this opinion.

DIANE DEVASTO
Justice

Opinion delivered January 31, 2006.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 31, 2006

### NO. 12-04-00037-CV

**TOMMIE J. DENSON,**
Appellant
V.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE–INSTITUTIONAL DIVISION,
THE UNIVERSITY OF TEXAS MEDICAL BRANCH, TITO ORIG,
MARY GOTCHER, LANNETTE LINTHICUM, ARTIS MOSLEY,
KENNETH KUYKENDALL, VIRGINIA BUCHANAN,
GARY JOHNSON, E.J. PEDERSON, JOHN EATON,
DAVID SMITH AND ELMO CAVIN,**
Appellees

---

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 38,355)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being inspected, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **REVERSED** and the cause **REMANDED** to the trial court for **FURTHER PROCEEDINGS** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Diane DeVasto, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*