NO. 12-04-00037-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TOMMIE J. DENSON,                                      §                 APPEAL FROM THE THIRD
APPELLANT

V. 

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE–INSTITUTIONAL DIVISION,        §                 JUDICIAL DISTRICT COURT OF
THE UNIVERSITY OF TEXAS MEDICAL
BRANCH, TITO ORIG, MARY GOTCHER,  
LANNETTE LINTHICUM, ARTIS MOSLEY, 
KENNETH KUYKENDALL, VIRGINIA 
BUCHANAN, GARY JOHNSON,
E.J. PEDERSON, JOHN EATON, DAVID 
SMITH AND ELMO CAVIN, APPELLEES    §                 ANDERSON COUNTY, TEXAS




MEMORANDUM OPINION
            Tommie J. Denson appeals from the dismissal of his pro se in forma pauperis suit against the
Texas Department of Criminal Justice–Institutional Division (T.D.C.J.–I.D.), the University of Texas
Medical Branch (U.T.M.B.), Tito Orig, Mary Gotcher, Lannette Linthicum, Artis Mosley, Kenneth
Kuykendall, Virginia Buchanan, Gary Johnson, E.J. Pederson, John Eaton, David Smith, and Elmo
Cavin. In seven issues, Denson contends the trial court erred in sustaining Appellees’ special
exceptions and dismissing his suit. We reverse and remand.

Background
            Denson, an inmate, broke his hand on September 2, 1999 when he fell in the prison shower. 
Because he felt that the medical care he received was less than adequate, he filed suit on
December 8, 1999. His petition included claims for violations of the Texas Tort Claims Act
(TTCA), the Texas Health and Safety Code, the Texas Government Code, and allegations of medical
malpractice, intentional infliction of emotional distress, and state law conspiracy and retaliation. He
also brought claims pursuant to a federal civil rights statute


 for violation of the Eighth Amendment
to the United States Constitution, for retaliation, and for conspiracy. Denson requested damages and
injunctive relief in the form of surgery on his hand and physical therapy.
            In an order dated March 25, 2002, the trial court granted the defendants’ motions to dismiss
and motions for summary judgment and dismissed the cause of action. Denson appealed that
decision to this court. We affirmed in part and reversed and remanded in part. Denson v. Tex. Dep’t
Criminal Justice - Inst’l Div., 12-02-00099-CV, 2003 Tex. App. LEXIS 10957 (Tex. App.–Tyler,
May 30, 2003, no pet.). The only claim against T.D.C.J.–I.D. and U.T.M.B. that survived after that
appeal is the TTCA claim for negligent use of tangible personal property. All claims against Smith
and Cavin remained intact and were remanded. The Section 1983 claims of a violation of the Eighth
Amendment and conspiracy and the state law claims of intentional infliction of emotional distress
and conspiracy against the remaining nine employees also survived. Additionally, the Section 1983
and state law retaliation claims against Kuykendall and Denson’s request for injunctive relief against
the employees were remanded to the trial court for further proceedings. 
            After remand, all defendants filed special exceptions to Denson’s original petition. On
September 2, 2003, the trial court entered an order sustaining each of the nine special exceptions and
ordering Denson to replead and cure the defects by November 3, 2003. Denson did not replead. The
trial court signed the order of dismissal on January 21, 2004.
 
Special Exceptions
            Read together, Denson complains in his seven issues that the trial court erred in granting the
defendants’ special exceptions. Denson asserts that he pleaded his claims in plain and concise
language, this court found that he had pleaded a cause of action under the TTCA, and the trial court
abused its discretion when it dismissed his cause of action.
            When special exceptions addressed to the pleadings are sustained, the pleader may amend
to meet the exception or refuse to amend and test the validity of the ruling on appeal. Spillman v.
Simkins, 757 S.W.2d 166, 167 (Tex. App.–San Antonio 1988, writ dism’d). When a trial court
dismisses a cause of action following the sustaining of special exceptions, appellate review requires
an examination of two distinct rulings. Cole v. Hall, 864 S.W.2d 563, 566 (Tex. App.–Dallas 1993,
writ dism’d w.o.j.). First, we review the propriety of the trial court’s decision to sustain the special
exceptions. We then review the propriety of the trial court’s decision to dismiss the cause of action
to see if the trial court abused its discretion. Id. The test for abuse of discretion is whether the trial
court acted without reference to any guiding rules or principles or acted in an arbitrary or
unreasonable manner. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).
            Under rule 91 of the rules of civil procedure, special exceptions must identify the pleading
excepted to, stating the “defect, omission, obscurity, duplicity, generality, or other insufficiency in
the allegations” with particularity. Tex. R. Civ. P. 91. When special exceptions lack specificity and
fail to point out how the plaintiff’s allegations are faulty, they constitute a general demurrer, which
is prohibited under the rules. Tex. R. Civ. P. 90; Castano v. San Felipe Agric., Mfg., & Irrigation
Co., 147 S.W.3d 444, 453 (Tex. App.–San Antonio 2004, no pet.).
            The defendants’ special exceptions alleged that Denson’s original petition failed to state with
any particularity the nature of acts or omissions committed specifically by the defendants, was vague,
ambiguous, indefinite, and failed to fairly apprise the defendants as to what allegations Denson was
making against them. The first special exception complained of the petition in its entirety, and the
remaining special exceptions complained of certain paragraphs.
            The defendants’ special exceptions failed to state with specificity the petition’s defects. See
id. The special exceptions therefore constitute a forbidden general demurrer. Id. Further, in the first
appeal of this cause of action, this court held that Denson alleged a claim pursuant to the TTCA. See
Denson, 2003 Tex. App. LEXIS 10957, at *53. Under the law of the case doctrine, we are bound
by that determination. See Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986). Accordingly,
the trial court abused its discretion in sustaining the special exceptions. Because the decision to
sustain the special exceptions was improper, the dismissal of the cause of action was also improper. 
See Cole, 864 S.W.2d at 566. We sustain Denson’s seven issues.
 
Disposition
            We reverse the trial court’s order of dismissal and remand the cause of action for further
proceedings consistent with this opinion.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered January 31, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






















(PUBLISH)