**Opinion issued March 3, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-14-00143-CV**

————————————

**FELICIA NICOLE JONES, Appellant**

**V.**

**MACY'S, ERIC LIMBOCKER, CITIBANK, AND HOUSTON FEDERAL CREDIT UNION, Appellees**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 74030**

---

## MEMORANDUM OPINION

Pro se Appellant Felicia Nicole Jones sued Macy's and a local store manager, Eric Limbocker, alleging that she was injured during her visit to a

Macy's shoe department when Limbocker dropped metal shoe racks on the floor.[1] Although not expressly identified as defendants in her petition or in the style of the case, Jones referenced Citibank, Houston Federal Credit Union ("HFCU"), and AJF Systems, Inc. in her petition and sent these parties copies of her petition. The trial court granted HFCU's special exceptions, HFCU moved to dismiss after Jones failed to properly amend her pleadings, and the trial court granted the motion. The remaining parties moved to dismiss under Texas Rule of Civil Procedure 13 because Jones's claims were groundless and lacked a basis in law and fact, and the trial court granted the motions. Jones appealed the final judgment. We affirm.

## Background

Jones first filed her suit in justice court, alleging that she suffered ankle and back injuries and requesting "unlimited access to an authorized ID for future purchases" and $10,000 in damages. The justice court dismissed the case for lack of jurisdiction because Jones's request for $10,000 exceeded the justice court's jurisdiction.

---

[1] Jones filed this lawsuit on September 5, 2013. On May 19, 2014, Jones was declared a vexatious litigant. *See* http://www.txcourts.gov/judicial-data/vexatious-litigants.aspx (listing vexatious litigants subject to pre-filing orders); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of records of vexatious litigants). As a result, Jones is prohibited from filing any pro se lawsuit in the State of Texas without permission of the local administrative judge in the district in which she seeks to file suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102 (West Supp. 2014).

Jones then sued Macy's and Limbocker in district court. She alleged that while she was in the Macy's shoe department, Limbocker dropped several metal shoe racks on the floor, which caused injuries to her heel and back. She sought $30 million in damages. Jones's petition failed to expressly state a cause of action, but a liberal construction of her petition suggests that she attempted to assert premises liability claims. Regarding Citibank, HFCU, and AJF Systems, Inc., Jones alleged the following:

> The amount of money from the Citibank in New York owes me $1.3 million dollars that is stated on a legitimate documentation. Because of the incident in MACY'S I am out of a job with AJF SYSTEM INC. due to the HFCU taking my check and then charging me for a legitimate check deposited into my bank. The filing a claim of exemption of my written bank account was exempt due to me receiving (SSD), and the bank was supposed to deliver the copy of the bank statement as well as a copy of the check that was deposited.

HFCU filed an answer and special exceptions, arguing that Jones's petition failed to provide HFCU with "fair notice" regarding the causes of action filed against it. Macy's and Limbocker also filed an answer in response to Jones's petition, as well as a motion to dismiss pursuant to Texas Rule of Civil Procedure 13 ("Rule 13 motion"). In their Rule 13 motion, Macy's and Limbocker argued that Jones failed to allege viable causes of action and sought an "absurd escalation of damages." They requested that the trial court dismiss the suit because Jones's claims were "groundless and brought in bad faith."

3

The trial court held a hearing on Macy's and Limbocker's Rule 13 motion and HFCU's special exceptions on October 29, 2013. That same day, the trial court entered an order stating that Macy's and Limbocker's Rule 13 motion "should in all things be granted." It ordered that Jones "take nothing in connection with her lawsuit against Defendants Macy's and Eric Limbocker and her claims and causes of action be dismissed with prejudice."

On the same day, the trial court granted HFCU's special exceptions and directed Jones to replead recognized causes of actions against HFCU within 10 days. Jones timely filed additional documents, but HFCU filed a motion to dismiss because she failed to provide a statement of her claims and the factual basis for them.

Additionally, Citibank filed a "Motion to Dismiss all Parties (Named or Not Named) with Prejudice" ("Dismissal Motion"), which incorporated Macy's and Limbocker's Rule 13 motion and moved to dismiss "it and all other defendants either clearly named or not clearly named."

The trial court held a hearing on the Dismissal Motion and HFCU's motion to dismiss on January 28, 2014. On the same day, the trial court granted HFCU's motion to dismiss and entered a "Final Judgment" dismissing Jones's claims against all remaining parties.

**Discussion**

Litigants appearing on their own behalf must comply with all applicable laws and rules of procedure, and they are held to the same standards as licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). A pro se litigant must properly present her case on appeal, and we may not make allowances or apply different standards for litigants appearing without the advice of counsel. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Rules of Appellate Procedure require appellate briefs to contain clear and concise arguments with appropriate citations to the record and supporting authorities. TEX. R. APP. P. 38.1(i). As always, however, we construe briefs liberally; substantial compliance with the rules is sufficient. *See* TEX. R. APP. P. 38.9.

In Jones's appellate brief, she reiterates some of the factual allegations contained in her trial court filings and makes new allegations regarding an alleged default judgment and settlement offer from Citibank. She does not present any argument that the case should not have been dismissed or that the special exceptions should not have been granted. Nor does her brief comport with the requirements of Rule 38.1, which requires an appellant to state the issues presented

5

and make a clear and concise argument for her contentions with appropriate citations to legal authorities and the record.  *See* TEX. R. APP. P. 38.1(f) & (i).  The brief contains no citations to the record or to cases.

With respect to Macy's, Limbocker, Citibank, and AJF Systems, Jones does not present any argument that the trial court erred by granting their Rule 13 motions.  By failing to raise any issue related to the dismissal of the case against Macy's, Limbocker, Citibank, and AJF Systems, Jones has waived any argument pertaining to this potential issue.  *See* TEX. R. APP. P. 38.1.

With respect to HFCU, Jones does not present any argument challenging the special exceptions or the trial court's granting of HFCU's motion to dismiss following Jones's failure to amend her petition to comply with the trial court's order granting the special exceptions.  A party appealing a dismissal after special exceptions must challenge the trial court's ruling sustaining the special exceptions. *See Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ denied) (controlling issue in case in which trial court sustains special exceptions and dismisses cause of action following plaintiff's failure to amend properly is propriety of trial court's ruling sustaining special exceptions).  Because Jones did not challenge the special expectations ruling, we must affirm the trial court's judgment in favor of HFCU.  *See id.*

## Conclusion

We affirm the judgment of the trial court. We dismiss all pending motions as moot.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.