Opinion issued June 16, 2005




     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01334-CV




ALAN WINTERS AND JANET WINTERS, Appellants

V.

LANCE PARKER, A/K/A MABCO, INC., A/K/A
CURRENTSONLINE.COM, INC., A/K/A MINDPRINT, INC., A TEXAS
CORPORATION AND PATRICK FLINN, A/K/A HASTY TICEN, INC.,
A/K/A CURRENTSONLINE.COM, INC., A/K/A MINDPRINT, INC., A
TEXAS CORPORATION, Appellees




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2001-27694




O P I N I O N

          Appellants, Alan and Janet Winters, brought suit against appellees, Lance
Parker (a/k/a Mabco, Inc., a/k/a Currentsonline.com, Inc., a/k/a Mindprint, Inc., a
Texas Corporation) and Patrick Flinn (a/k/a Hasty Ticen, Inc., a/k/a
Currentsonline.com, Inc., a/k/a Mindprint, Inc., a Texas Corporation). In three points
of error, appellants contend that the trial court erred in granting appellees’ no-evidence motions for summary judgment and Flinn’s special exceptions.
          We affirm.
Background
          Appellants invested in ProEducation International Inc. (ProEducation) in return
for 50% ownership in a studio to be created for long distance learning courses and the
provision that the appellants’ health insurance would be paid for by ProEducation. 
Evidently, appellees sought additional funds from appellants, and appellants refused
to pay. On July 1, 1999, Flinn sent a letter informing appellants that they must pay
their own insurance premiums or the health insurance would be cancelled retroactive
to June 1, 1999. Alan Winters (Winters) contacted HMO Blue to inquire about his
coverage. HMO Blue told Winters that his coverage was in effect until September
1999. Winters did not pay the premiums.
          On July 28, 1999, HMO Blue notified Winters that ProEducation had cancelled
the health insurance retroactive to May 31, 1999. Winters contends that the next day
he suffered a ruptured aneurysm which, in turn, caused a hemorrhagic stroke.
          In May 2001, appellants filed this suit against Parker and Flinn, officers of
ProEducation. Appellants claimed that when Winters learned that the health
insurance was cancelled he became stressed, which elevated his blood pressure and
was a cause of the ruptured aneurysm. 
          Parker and Flinn filed special exceptions. They argued that appellants had not
pleaded the elements for either fraudulent transfer or conspiracy and that they had not
stated a cause of action for personal injury. Parker and Flinn asked that appellants
be ordered to replead, and the trial court so ordered.


 Appellants filed their third
amended petition on May 22, 2003.
          In August 2003, Parker and Flinn filed separate no-evidence motions for
summary judgment. Both argued that appellants had not pleaded a cause of action,
but that, even if appellants had, there was no evidence of any of the elements of any
cause of action pled. Flinn also filed special exceptions to appellants’ third amended
petition, arguing that appellants’ allegations still did not allege a cause of action. 
          Appellants responded to the summary judgment motions by pointing to
Winters’s affidavit, which stated:
In my case I most probably had a silent aneurysm as a congenital
anomaly and the acute stress from the discovery that Flinn and Parker
maliciously canceled my family’s health insurance retroactively, sharply
elevated my blood pressure and was a cause for the rupture of the
aneurysm the very next morning. During my years as a primary care
provider I saw many patients with stress-related diseases. Among them
were patients with elevated blood pressure due to stress from external
conditions. I screened these patients with elevated blood pressure for a
variety of medical conditions, including vascular anomalies.

Appellants responded to Flinn’s special exceptions by arguing they had pled the tort
of “willful intent to injure.” Appellants neither identified the elements of “willful
intent to injure” nor cited to case law or a statute that recognizes “willful intent to
injure” as a cause of action.
          The trial court granted Flinn’s special exceptions against appellants and
dismissed the case against Flinn with prejudice. The trial court also granted Parker’s
and Flinn’s no-evidence summary judgments.
          Appellants moved for a new trial, which was denied. This appeal followed.
Discussion
          In their first point of error, appellants contend that they pleaded a cause of
action. Appellants argue that they pleaded every element of intentional infliction of
emotional distress in their third amended petition.
          Summary judgment based on a pleading deficiency is proper if a party has had
an opportunity by special exception to amend and the party fails to do so, or files a
further defective pleading. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994). In such a case, we subject the pleadings to a de novo review. Id.; see Higbie
Roth Const. Co. v. Houston Shell & Concrete, 1 S.W.3d 808, 811–12 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied). 
          Under the Texas Rules of Civil Procedure, the proper way for a defendant to
urge that a plaintiff has failed to plead a cause of action is by special exception. See
Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983) (quoting Tex. Dep’t of
Corr. v. Herring, 513 S.W.2d 6, 10 (Tex. 1974)). The trial court cannot dismiss the
case at the same time it sustains special exceptions. See Friesenhahn v. Ryan, 960
S.W.2d 656, 658–59 (Tex. 1998). Once special exceptions are sustained, the trial
court must give the party an opportunity to amend before dismissing the case. Id. at
658. If the party does not amend, or the amended pleading fails to state a cause of
action, then summary judgment may be granted. Id. Moreover, if the remainder of
the pleading does not state a cause of action, the trial court does not err in dismissing
the entire case. Jackson v. City of Galveston, 837 S.W.2d 868, 869 (Tex.
App.—Houston [14th Dist.] 1992, writ denied); Cole v. Hall, 864 S.W.2d 563, 466
(Tex. App.—Dallas 1993, writ dism’d w.o.j.).
          The trial court granted Parker’s and Flinn’s special exceptions and allowed
appellants to replead. Appellants repleaded by filing their third amended petition. 
Parker and Flinn filed no-evidence motions for summary judgment arguing that
appellants had not pleaded a cause of action. Flinn also filed his second special
exceptions. 
          Appellants contend that they pleaded intentional infliction of emotional
distress. The elements of intentional infliction of emotional distress are: (1) the
defendant acted intentionally or recklessly, (2) the conduct was extreme and
outrageous, (3) the actions of the defendant caused the plaintiff emotional distress,
and (4) the emotional distress suffered by the plaintiff was severe. City of Midland
v. O’Bryant, 18 S.W.3d 209, 216 (Tex. 2000). Appellants have failed to plead any
extreme or outrageous conduct by appellees. Liability for outrageous conduct may
be found only where “the conduct has been so outrageous in character, and so
extreme in degree, as to go beyond all possible bounds of decency, and to be regarded
as atrocious, and utterly intolerable in a civilized community.” Twyman v. Twyman,
855 S.W.2d 619, 621 (Tex. 1993). 
          Here, appellants have cited no authority and offered no evidence that the notice
of cancellation of their health insurance policy was extreme, outrageous, or outside
appellees’ legal rights. The Texas Supreme Court has held that a party must have
some latitude to exercise his rights, even if some emotional distress will result. See
O’Bryant, 18 S.W.3d at 217; Gaspard v. Beadle, 36 S.W.3d 229, 237–38 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (holding that sending a bill and ending
a relationship does not constitute extreme and outrageous behavior).
          After carefully reviewing appellants’ third amended petition, we conclude that
the trial court did not err by granting Parker’s and Flinn’s summary judgments. 
Appellants did not plead a cause of action. Appellants cite no authority and offer no
evidence that the cancellation of their health insurance constituted extreme and
outrageous behavior. 
          We overrule appellants’ first point of error.
          Because the trial court properly dismissed the suit against Parker and Flinn
after first allowing appellants the opportunity to replead, we need not reach
appellants’ remaining two points of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.