**AFFIRMED and Opinion Filed July 31, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-23-00411-CV

**BILL CAREY AND CHANTAL CAREY, INDIVIDUALLY AND AS TRUSTEE FOR THE SMITH MOORE WILLIAMS HISTORICAL TRUST, Appellants**

**V.**

**MOSSER LAW PLLC, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02116-2021**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Breedlove

This is an appeal of the trial court's dismissal with prejudice of appellants Bill and Chantal Carey's[1] claims against appellee Mosser Law PLLC following the sustaining of special exceptions. The Careys argue that the trial judge erred by dismissing their claims with prejudice because their pleadings provided fair notice and they made a good faith effort to amend their pleadings to comply with the court's

---

[1] Bill and Chantal Carey brought this suit both individually and as trustees for the Smith Moore Williams Historical Trust. However, for simplicity, we refer to them as "the Careys."

order. We conclude that the trial court did not err in, first, requiring the Careys to replead in accordance with the defects identified in its order and, second, in dismissing the Careys' claims after they failed to correct those defects. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

Mosser Law was hired to represent the Careys in a lawsuit brought against them by the City of Bonham, Texas. After successfully defending the suit, Mosser Law brought suit on a sworn account against the Careys in April 2021 for the attorney's fees the Careys incurred for services rendered in representing them in the City of Bonham lawsuit.

The Careys filed an Original Answer and Counter-Claims alleging breach of fiduciary duty, fraud, violations of the Deceptive Trade Practices Act, and affirmative defenses including failure of consideration, fraud, estoppel, and illegality. On December 6, 2022, Mosser Law filed 19 special exceptions to the Careys' affirmative defenses, damages allegations, and the breach of fiduciary duty counterclaim.

On February 6, 2023, the trial court sustained all but one of Mosser Law's special exceptions.[2] The trial court ordered the Careys to replead by February 27,

_____

[2] The trial court only denied special exception 16, Mosser Law's request for the trial court to require each of the named defendants to file separate affidavits.

2023 and warned that a failure to cure would result in the court striking the defective paragraphs.

On February 27, 2023, the Careys filed their First Amended Original Answer and Counter-Claims. The next day, Mosser Law moved to strike all of the Careys' pleadings that were not cured of their defects and asked the court to grant attorney's fees and damages. The same day, Mosser Law also filed a separate motion to strike and motion for sanctions for failure to serve the filed documents according to Texas Rule of Civil Procedure 21a(a)(1). In the second motion, Mosser Law re-alleged its arguments from its prior motion to strike and added arguments to support its request for sanctions against the Careys' counsel, James Bo Brown, and for attorney's fees and damages.

By order dated March 6, 2023, the trial court struck paragraphs 4–9 and 19 from the Careys' Original Answer and Counter-Claims, granted Mosser Law its attorney's fees, granted sanctions against Brown, and also dismissed the Careys' Original Answer and Counter-Claims with Prejudice.[3]

The Careys filed a motion for reconsideration on March 13, 2023. Two days later, and without leave of court, the Careys filed their Second Amended Original Answer and Counter-Claims.

---

[3] It is unclear why the trial court referred to the "Original Answer and Counter-Claims" when the "Amended Answer and Counter-Claims" was the live pleading before the court at the time it issued its order.

On March 16, 2023, Mosser Law again moved to strike the Careys' pleadings, alleging that the Second Amended Answer and Counter-Claims repleads facts that were struck by the trial court and re-urging the arguments made in its prior motions to strike. In this new motion, however, in addition to asking the court to strike the defective paragraphs in the Careys' Second Amended Answer and Counter-Claims, Mosser Law asked the court to strike the Careys' Second Amended Answer in its entirety, dismiss the case with prejudice, and award attorney's fees and damages to Mosser Law.

On April 13, 2023, the trial court signed an Amended Order on Plaintiff's Motion to Strike Defendants' Pleadings and Sanctions. The order again struck paragraphs 4–9 and 19, struck the amount of damages sought by the Careys, granted Mosser Law its attorney's fees, and ordered sanctions against the Careys. The trial court also dismissed the Carey's Original Answer and Counter-Claims with prejudice.[4]

Later the same day, the trial court submitted a Supplemental Final Judgment. The Supplemental Final Judgment included the following:

> On 6 April 2023, the Court held a hearing for Plaintiff's Motion to Strike Defendants' Second Amended Original Answer and Counterclaims and for Defendants' Motion to reconsider the Court's 6 March 2023 Order striking Defendants' Pleadings. The Court orally GRANTED Plaintiff's request to Strike Defendants' Second Amended

---

[4] It is unclear why the trial court again directed its order to the Original Answer and Counter-Claims instead of the timely-filed Amended Answer and Counter-Claims, or, alternatively, the untimely filed Second Amended Answer and Counter-Claims.

Original Answer and Counterclaims and DENIED Defendants' Motion to Reconsider. Plaintiff has attached its attorney's fees declaration and evidence for the above numbered and captioned lawsuit as an unsworn declaration signed by James C. Mosser, Attorney in Charge.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court heard the evidence and arguments of counsel and announced its decision for Plaintiff. Plaintiff now files a Final Judgment based on the Court's decision.

The Court RENDERED judgment for Plaintiff on 6 April 2023. This written judgment memorializes that rendition.

1. Accordingly, the Court orders that Plaintiff recover the following from Defendants, jointly and severally:

    a. Actual damages in the amount of $69,962.50, plus interest at the rate of 5% per annum,

    b. Reasonable and necessary attorney fees in the amount of $60,934.00, for the prosecution of this case through this judgment.

    c. If this matter is taken to any intermediate appellate court additional attorneys fees would reasonably be $60,000 if the plaintiff prevails on appeal.

    d. If this matter is taken to Texas Supreme Court additional attorneys fees would reasonably be $120,000 if the plaintiff prevails on appeal.

    e. Court costs in the amount of $2,034.00.

    f. Post judgment interest at the rate of 5% per annum, compounded annually, from the date this judgment is rendered until all amounts are paid in full.

2. This supplemental judgment finally disposes of all claims and all parties and is appealable.

This appeal followed.

## STANDARD OF REVIEW

Review of a trial court's dismissal of a case based on the grant of special exceptions requires examination of two distinct rulings: (1) the decision to sustain the special exceptions; and (2) the decision to dismiss the cause of action. *Connolly v. Gasmire*, 257 S.W.3d 831, 836 (Tex. App.—Dallas 2008, no pet.) (citing *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.). First, an appellate court reviews the propriety of the trial court's decision to grant the special exceptions. *Id.* Then, if the trial court's decision to sustain the special exceptions was proper, an appellate court reviews whether the decision to dismiss the case was appropriate. *Id.*

A trial court has broad discretion in ruling on special exceptions. *Id.* (citing *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.). In reviewing a trial court's grant of special exceptions, we accept as true all the material factual allegations and all factual statements reasonably inferred from the allegations set forth in the pleadings. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994). A trial court's ruling on special exceptions is reversed only if there has been an abuse of discretion. *Connolly*, 257 S.W.3d at 838. A trial court abuses its discretion if its action is arbitrary, unreasonable, and without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), and *Adams*, 154 S.W.3d at 876).

"If the trial court properly sustained the special exceptions and the party refuses or fails to amend, the trial court does not err in dismissing the cause of action." *Id.* "If the remainder of the pleading does not state a cause of action, the trial court does not err in dismissing the entire case." *Cole*, 864 S.W.2d at 566; *see also Jackson v. City of Galveston*, 837 S.W.2d 868, 869 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (dismissal of case is proper where trial court properly sustains special exceptions, remainder of petition states no cause of action, and pleader refuses to amend). We review de novo the trial court's legal conclusions as to whether the pleading adequately states a cause of action. *See Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 163 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

## DISCUSSION

## A.  Waiver of Challenge to the Dismissal Order

"Both the final order of dismissal and the interlocutory order granting special exceptions must be challenged in order for the merits of the order granting special exceptions to be reviewed." *Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008) (per curiam); *Cole*, 864 S.W.2d at 563. Citing *Cole*, Mosser Law argues that the Careys waived their challenge to the dismissal order by failing to challenge the trial court's ruling on the underlying special exceptions.

In *Cole*, the trial court sustained the defendant's special exceptions to Cole's claims for tortious interference and breach of the duty of good faith and fair dealing.

–7–

*Id.* at 565. After Cole failed to amend her pleading in response to the trial court's ruling, the court dismissed her suit for failure to state a cause of action. *Id*. On appeal, Cole did not challenge the propriety of the trial court's ruling on the special exceptions or discuss the merits of the special exceptions at all. *Id.* at 567. Instead, Cole "discusse[d] only the elements of tortious interference and why her pleading contained each element." *Id.* We concluded that Cole "waived any error by the trial court in sustaining the special exceptions," explaining that "[w]hen a trial court properly sustains special exceptions and the plaintiff refuses to amend, the trial court does not err in dismissing the cause of action." *Id.*

Here, although the Careys' brief lacks a specific statement of issues, they argue that they amended their pleadings in response to Mosser Law's special exceptions to omit "all allegations . . . except those concerning fraud in the inducement and attorney fees" and to "provide[ ] facts in the body of the counterclaim which supported these allegations." *See Perry*, 272 S.W.3d at 588 (appellants preserved error by challenging merits of special exceptions order in body of their appellate brief). They also explain that they "made a good faith effort to comply" with the trial court's order in their amended pleading and "asked [the trial court] for an opportunity to replead the petition" "if these changes were not sufficient." They contend that because they made "a good faith attempt to cure the defect in an amended petition" and Mosser Law did not file special exceptions to the

–8–

amendment, they should have been given another opportunity to amend before the trial court dismissed their claims.

In *Perry*, the supreme court cautioned that "[a]ppellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Id.* at 587. "Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." *Id.* And in *Perry*, the supreme court held that the appellants did not waive review of the special exceptions' merits by failing to present a separate appellate issue challenging the trial court's special exceptions order. *Id.* at 588. We conclude that in the body of their brief, the Careys sufficiently challenged both the trial court's order granting Mosser Law's special exceptions and the order dismissing their suit. *See id.* at 558 (issue challenging dismissal was sufficient where supporting argument addressed merits of order sustaining special exceptions). Accordingly, we consider the merits of the Careys' challenges to the trial court's orders and judgment.

**B.    Challenge to the Trial Court's Order Granting Special Exceptions**

We must next consider whether the trial court abused its discretion in granting the special exceptions. *See Connolly*, 257 S.W.3d at 836 (citing *Cole*, 864 S.W.2d at 566. Special exceptions may be used to challenge the sufficiency of a pleading. *Gatten v. McCarley*, 391 S.W.3d 669, 673 (Tex. App.—Dallas 2013, no pet.). The purpose of a special exception is to compel clarification of pleadings when the pleadings are not sufficiently specific or fail to plead a cause of action. *Id.* If a trial

court grants special exceptions, the pleader may either amend her petition to cure the defect or stand on the pleadings and test the decision on appeal. *Doe v. Univ. of the Incarnate Word*, No. 04-19-00453-CV, 2020 WL 3260080, at *1 (Tex. App.—San Antonio June 17, 2020, no pet.) (mem. op.).

The Careys contend that they were harmed when Mosser Law fraudulently induced them into a contract for legal services and charged them fraudulent legal fees. Mosser Law specially excepted to the following:

> 1. Plaintiff specially excepts to paragraph four (4) because Defendants' pleading does not give fair notice of Defendants' claim of Failure of Consideration. The facts set out in Defendants' Original Answer do not specifically allege any facts to support this claim, and instead the claim is generally stated without explanation.
>
> 2. Plaintiff specially excepts to paragraph five (5) because Defendants' pleading does not give fair notice of Defendants' claims of False Pretenses, Duress, and Coercion. The facts presented by Defendants in their Original Answer do not state with specificity any facts that support these claims.
>
> 3. Plaintiff specially excepts to paragraph six (6) because Defendants' pleading does not give fair notice of Defendants' claims of Doctrine of Estoppel and Unclean Hands. Defendants do not state any facts that meet the elements of either claim, and instead only offer a general statement of the claims and continue in their Original Answer.
>
> 4. Plaintiff specially excepts to paragraph seven (7) because Defendants' pleading does not give fair notice of Defendants' claim of fraud. Defendants do not state how Plaintiff allegedly committed fraud, and only make this general accusation without explanation.
>
> 5. Plaintiff specially excepts to paragraph eight (8) because Defendants' pleading does not give fair notice of Defendants' claim of the Doctrine of Illegality. Defendants once again provide only a general statement of a claim without offering any surrounding facts to bolster their claim.

–10–

6. Plaintiff specially excepts to paragraph four (4) because Defendants did not plead enough facts for Plaintiff to ascertain what Defendants are relying upon for their claim against Plaintiff of Failure of Consideration….It is unclear in Defendants' Original Answer if they mean [the included] definition or some other definition.

7. Plaintiff specially excepts to paragraph five (5) because Defendants did not plead enough facts for Plaintiff to ascertain what Defendants are relying upon for their claim against Plaintiff of False Pretenses…..Defendants have not offered enough facts in their Original Answer to fully explain to Plaintiff which definition Defendants are claiming against Plaintiff.

8. Plaintiff specially excepts to paragraph five (5) because Defendants did not specify of their claim of Duress….Defendants did not list any element of this claim…

9. Plaintiff specially excepts to paragraph four (4) because Defendants did not plead enough facts for Plaintiff to ascertain what Defendants are relying upon for their claim against Plaintiff of Coercion. There are many definitions provided by Texas case law…. Defendants have not specified which definition or set of elements they are relying upon for this claim.

10. Plaintiff specially excepts to paragraph six (6) because Defendants did not plead all elements of their claims for Doctrine of Estoppel. Specifically Defendants did not list any element of Doctrine of Estoppel…

11. Plaintiff specially excepts to paragraph six (6) because Defendants did not plead all elements of their claim of Unclean Hands….

12. Plaintiff specially excepts to paragraph seven (7) because Defendants did not plead all elements of their claim of Fraud….

13. Plaintiff specially excepts to paragraph eight (8) because Defendants did not plead enough facts for Plaintiff to ascertain what Defendants are relying upon for their claim against Plaintiff under the Doctrine of Illegality. Defendants have not specified a distinct definition of Doctrine of Illegality…The Doctrine of Illegality is too

–11–

general of a term for Plaintiff to ascertain what exactly Defendants are claiming against Plaintiff.

14. Plaintiff specially excepts to paragraph nine (9) because Defendants did not provide enough facts of how Plaintiff did not keep Defendants "reasonably informed." This conclusive statement is too general, and the facts provided do not give Plaintiff enough facts to understand what Defendants are claiming. Defendants do not define what "reasonably informed" means, nor do they state how Plaintiff missed the mark of what Defendants would consider "reasonably informed."

15. Plaintiff specially excepts to paragraph nine (9) regarding Defendants' claim that Plaintiff exaggerated, embellished and overbilled his time. Plaintiff provided a Statement of Accounts as Exhibit B, and a Transaction Listing as Exhibit C in their Original Petition. Defendant did not refer to any listing or transaction that shows exaggeration, embellishment, or overbilling. Instead, Defendants claim general statement without any surrounding facts. Defendants are either unable or unwilling to cite to Plaintiff's offered Exhibits to make a direct claim against Plaintiff. Defendants should state specific facts to support their claim against Plaintiff…

16. Plaintiff specially excepts to Defendants' pleading because Defendants did not verify it properly. Defendants attach only one (1) affidavit signed by Chantal Carey in her individual capacity. However, there are four (4) Defendants in the above numbered and captioned lawsuit. Each Defendant is represented individually as well as a Trustee for the Smith Moore Williams Historical Trust. Therefore, all Defendants must submit an affidavit according to the Texas Rules of Civil Procedure.[5]

17. Plaintiff specially excepts to paragraph nineteen (19) regarding the relief sought for consequential damages. Defendants request consequential damages which are special damages according to Texas case law….Plaintiff asks the Court to require Defendants to specify the amount of special damages claimed against Plaintiff.

18. Plaintiff specially excepts to paragraph nineteen (19) regarding the relief sought for exemplary damages. Defendants request exemplary

---

[5] This special exception was the only one not sustained by the trial court.

damages without specifically pleading and proving their claim for exemplary damages….Plaintiff asks the Court to require Defendants to specify the amount exemplary damages that Defendants are seeking and claiming against Plaintiff…

19. Plaintiff also asks the Court to require Defendants to specify the maximum amount that Defendants claim for their damages….

The trial court granted special exceptions on 18 of the 19 grounds requested by Mosser Law and required the Careys to replead in order to cure the defects identified by the 18 sustained special exceptions.

We review the pleadings to determine whether the trial court abused its discretion in granting Mosser Law's special exceptions. *Cole*, 864 S.W.2d at 566; *Muecke v. Hallstead*, 25 S.W.3d, 221, 224 (Tex. App.—San Antonio 2000, reh'g overruled); *see also Holt v. Reprod. Servs. Inc.*, 946 S.W.2d 602, 604 (Tex. App.—Corpus Christi-Edinburgh 1997, pet. denied). The Carey's Original Answer and Counter-Claims was the live pleading before the trial court when it granted special exceptions. Upon review of the allegations in the original pleading, we conclude the trial court did not abuse its discretion in granting Mosser Law's special exceptions. The Careys' pleadings were not sufficiently specific or failed to plead facts or elements to support their causes of action, and granting of the special exceptions was therefore proper. *See Perry*, 285 S.W.3d at 144; *Gatten*, 391 S.W.3d at 673. We further conclude that the trial court acted within its discretion to require the Careys

–13–

to replead in compliance with the additional information sought by Mosser Law as stated in the sustained exceptions. *See Perry*, 285 S.W.3d at 144.

We next consider whether the trial court erred in dismissing the Careys' claims for failure to comply with the trial court's order granting special exceptions.

## C.     Dismissal of the Careys' Claims

The trial court granted Mosser Law's Motion to Strike Defendants' Pleadings and Sanctions for failure to replead in accordance with its Order on Plaintiff's Special Exceptions, and struck paragraphs four through nine and nineteen of the Careys' amended answer, which included all of the Careys' affirmative defenses and one of its counter-claims, as well as the Careys' entire claim for damages.

Mosser Law did not file special exceptions to the Careys' amended pleading before filing their motion to strike. We acknowledge that this Court has recently held in *J.G. v. Jones*, 660 S.W.3d 786 (Tex. App.—Dallas 2023, pet. denied) that where a party makes a good faith attempt to cure the defects outlined in granted special exceptions, the excepting party must file special exceptions to the amended pleading before dismissal is warranted. However, we conclude that this case is distinguishable from *Jones* because, as discussed in detail below, the Careys did not make a good faith attempt to correct the defects in their original pleading. *See Perry*, 285 S.W.3d

–14–

at 137 (affirming dismissal despite a lack of new special exceptions to the amended pleading).

When a trial court properly grants special exceptions and the party refuses to amend in compliance with the trial court's order, the trial court does not err in dismissing the cause of action. *Cole*, 864 S.W.2d at 567 (citing *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328, 330 (Tex. Civ. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Townsend v. Memorial Med. Ctr.,* 529 S.W.2d 264, 267 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.)). In determining whether the trial court erred in dismissing the Careys' claims, we consider whether the Careys' amended answer complied with the trial court's order. We take all allegations, facts, and inferences in the pleadings as true and view them in the light most favorable to the Careys. *See Boales*, 29 S.W.3d at 163.

In their amended answer, paragraphs four through nine appear to be identical, or nearly so, to that of the original answer. Paragraph 19 which includes the Careys' damages allegations, has no changes except that the items were renumbered properly in the amended answer. Comparing the allegations of damages or injury from the original answer to the amended answer, it is clear that the Careys made no attempts whatsoever to address the issues raised by Mosser Law or included the trial court's order. Further, the Careys provided no explanation for their failure to do so, arguing, in essence, that dismissal was improper because their original answer was sufficient and did not need to be amended to comply with fair notice pleading standards.

Given that the Careys repeat almost verbatim the same allegations with respect to the claims against and damages allegedly sustained as a result of Mosser Law's alleged misconduct in both the original and amended answers, the Careys did not make a good faith attempt to comply with the trial court's order. Accordingly, we hold the trial court did not err in dismissing the Careys' affirmative defenses and counterclaims. *See Cole*, 864 S.W.2d at 566; *Sanchez*, 844 S.W.2d at 290–91.

**D.    Dismissal with Prejudice**

To the extent the Careys' brief can be construed to argue that the trial court erred in granting dismissal "with prejudice," we find this argument to be without merit. Generally, if the special exceptions could have been cured by amendment, dismissal should be without prejudice. *Mossler v. Shields*, 818 S.W.2d 752 (Tex. 1991).  In the trial court's order granting special exceptions, the trial court gave the Careys 21 days to replead in compliance with its order. However, dismissal with prejudice is proper when plaintiff fails to amend deficient pleadings after being given opportunity to do so. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722–23 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Hubler v. Cty. of Corpus Christi*, 564 S.W.2d 816, 823 (Tex. Civ. App.—Corpus Christi 1978, pet. ref'd. n.r.e.).

The record reflects that, in addition to their Original Answer and Counter-Claims, the Careys filed their Amended Answer and Counter-Claims prior to Mosser Law's motion to strike and prior to the trial court's order of dismissal but chose not to file their Second Amended Answer and Counter-Claims in response to Mosser

Law's renewed objections until after the trial court ruled on the motion to dismiss, over a month after the trial court's deadline to correct the errors identified in its order. Further, the trial court waited to dismiss the claims for an additional eight days after the Careys' amendment was due and seven days after Mosser Law filed its motion to strike, putting the Careys on notice that their Amended Answer and Counter-Claims was still deficient. During that time, the Careys could have filed their Second Amended Answer and Counter-Claims, along with a motion for leave, to address the inadequacies included in the motion to strike. It was only after the Careys filed a motion for continuance, without attempting to address any of Mosser Law's exceptions, that the trial court dismissed the claims.

The language on the last page of the court's order requiring the Careys to "replead and cure the defects identified by the special exceptions that were sustained," standing alone, may not have been sufficiently specific to inform the Careys of what they needed to do to comply with the order. However, this statement cannot be viewed in isolation; in the context of the entire order, as well as the motion upon which the order was based, it is clear that the Careys were provided detailed information with which to cure the defects in their pleadings. The Careys were directed to specific paragraphs and provided an explanation of the defects therein and yet chose to forgo making the changes identified in the first five pages of the order and the motion upon which it was based. On this record, we cannot say that

the trial court abused its discretion in dismissing the Careys' claims with prejudice. *See Lentworth*, 981 S.W.2d at 722–23; *Hubler*, 564 S.W.2d at 823.

Because we hold that the trial court did not err either in granting the special exceptions or dismissing the Careys' affirmative defenses and counterclaims with prejudice after they failed to correct the defects identified in the trial court's order, we overrule the Careys' sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

230411F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BILL CAREY AND CHANTAL
CAREY, INDIVIDUALLY AND AS
TRUSTEE FOR THE SMITH
MOORE WILLIAMS HISTORICAL
TRUST, Appellants

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-02116-
2021.
Opinion delivered by Justice
Breedlove Justices Garcia and
Kennedy participating.

No. 05-23-00411-CV          V.

MOSSER LAW PLLC, Appellee


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MOSSER LAW PLLC recover its costs of this appeal from appellants BILL CAREY AND CHANTAL CAREY, INDIVIDUALLY AND AS TRUSTEE FOR THE SMITH MOORE WILLIAMS HISTORICAL TRUST.


Judgment entered July 31, 2024.